Dear Senator Capps,
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect, the following questions:
1. Is a mediator who works for a dispute resolution programestablished by a county government under the provisions of 12O.S. 1991 and Supp. 1997, §§ 1801-1813, an employee of thatcounty?
 2. Is such a mediator subject to the salary schedules andsalary limitations set forth in 19 O.S. Supp. 1997, §§180.62-180.68?
 3. Is such a mediator authorized to be covered by the county'sretirement system?
 4. Is the Governmental Tort Claims Act, 51 O.S. 1991 andSupp. 1997, §§ 151-200, applicable to the sponsoring county forthe actions of such a mediator?
 AN OVERVIEW OF THE DISPUTE RESOLUTION ACT
¶ 1 To answer your questions it is appropriate to begin by examining relevant portions of the Dispute Resolution Act ("the Act"), found at 12 O.S. 1991 and Supp. 1997, §§ 1801-1813. The Act describes who may establish a dispute resolution program. One relevant portion of the Act provides:
 Any county, municipality, accredited law school or agency of this state is hereby authorized to establish programs for the purpose of providing mediation services pursuant to the provisions of the Dispute Resolution Act, to be administered and supervised under the direction of the Administrative Director of the Courts. The Administrative Director shall promulgate rules and regulations, subject to the approval of the Supreme Court of the State of Oklahoma, to effectuate the purposes of the Dispute Resolution Act.
12 O.S. 1991, § 1803[12-1803](A).
¶ 2 A county is therefore one of the entities eligible to create a dispute resolution program and seek funding from the Administrative Director of the Courts, as provided in the Act. The Act does not, however, indicate that a county, in establishing a dispute resolution program, must hire employees. Several specific terms are contained within the Act and should be examined in our analysis of the Act itself. The Act defines three terms relevant to your inquiry:
 1. "Administrator" means any county, municipality, or agency of this state that administers a community dispute resolution center pursuant to the provisions of this act.
 2. "Center" means a community-based facility which provides dispute resolution services consisting of conciliation, mediation, arbitration, facilitation, or other forms and techniques of dispute resolution.
 3. "Director" means the Administrative Director of the Courts.
12 O.S. 1991, § 1807[12-1807].
 THE OPERATION AND SUPERVISION OF DISPUTE RESOLUTION CENTERS
¶ 3 The Act discusses the supervision of the mediation programs in Section 1808 which states as follows:
 A. Programs established pursuant to the provisions of Section 1803 of Title 12 of the Oklahoma Statutes shall be administered and supervised by the Director to ensure the stability and continuance of dispute resolution centers.
 B. Every center shall be operated by an administrator and shall be established on the basis of community need as determined by the Director.
 C. All centers shall be operated pursuant to a contract with the Director and shall comply with the provisions of the Dispute Resolution Act and the provisions of this act.
12 O.S. 1991, § 1808[12-1808].
 SEEKING LEGISLATIVE INTENT
¶ 4 The initial objective of statutory construction is to determine the intent of the Legislature. Oklahoma City NewsBroadcasters Association v. Nigh, 683 P.2d 72, 75 (Okla. 1984). It should be noted that while the statutory language of the Act allows a county to establish and operate a dispute resolution program, the express wording of the statute directs that such programs are to be administered and supervised by the Administrative Director of the Courts. 12 O.S. 1991, § 1808[12-1808](A). The county is to operate its program, but the Administrative Director of the Courts is authorized to administer and supervise the program. Thus, the language within the Act about the operation of a dispute resolution program does not expressly state whether a mediator is an employee of the county.
 COMPARISON OF PROGRAMS SPONSORED BY THE STATE VERSUS PROGRAMS SPONSORED BY A COUNTY
¶ 5 In our analysis of the issues, comparing the language regarding the requirements for county sponsorship of such a program and State agency sponsorship is helpful. Just like a county, a State agency may also create a dispute resolution program under the Act. 12 O.S. 1991, § 1803[12-1803](A). However, the Legislature expressly noted that when a State agency sponsors a dispute resolution program, the mediators are not considered employees of that agency, except for one limited purpose. Section 1803(C) states, "Mediators participating in a program sponsored by a state agency are deemed an employee of that agency solely for the limited purpose of Section 20f of Title 74 of the Oklahoma Statutes." Section 20f of Title 74 deals with the provision of legal representation for State employees in lawsuits brought as a result of acts done within the scope of their employment. Thus, the Legislature did not want mediators to be considered State employees except in one limited circumstance.
¶ 6 The provisions that allow different entities to sponsor dispute resolution programs are the same for counties, municipalities, accredited law schools and agencies of the State, with the one stated exception for legal representation by the Attorney General in a situation involving a mediator in a program sponsored by a State agency. Note that the Legislature also chosenot to include a provision allowing mediators sponsored by a county to be considered county employees only for the purpose of the provision of legal services to a mediator sponsored by a county. Generally, the district attorney represents county officers and employees in legal actions that arise within the scope of their employment. 19 O.S. Supp. 1997, § 215.25[19-215.25]. While the Legislature chose not to limit the powers of the counties in tailoring the programs to their respective counties, it also chose not to impose any additional requirements upon the district attorney's offices because of this Act.
 AUTHORITY AND POWERS OF A COUNTY
¶ 7 Counties have only such authority as granted by statute, and county commissioners derive their powers and authority only from statutes and are limited in exercising corporate powers to fields expressly assigned to such counties by the Legislature.Tulsa Exposition Fair Corporation v. Board of CountyCommissioners of Tulsa County, 468 P.2d 501, 507 (Okla. 1970). By the passage of the Act, the power to establish a dispute resolution program was delegated to the counties by the Legislature. While the statutory provisions allow a county to establish a dispute resolution program, there is no express language requiring the county to hire employees to carry out the duties outlined in the Act. The more general powers of the board of county commissioners would allow the county to hire employees to work in a dispute resolution program. 19 O.S. Supp. 1997, §162[19-162]. "[E]very county officer shall appoint such regular and special deputies as are essential to the performance of the duties of the office in an efficient manner and shall fix their salaries and compensation." Id.
¶ 8 Though hiring employees for a dispute resolution program is one option, counties also have other implied or incidental powers that provide them another choice in implementing the Act. Counties not only have "powers granted in express words," but also possess those "necessarily or fairly implied or incidental to the powers expressly granted." Shipp v. Southeastern OklahomaIndustries Authority, 498 P.2d 1395, 1398 (Okla. 1972). The county could also choose to contract with an independent contractor for the services necessary to implement the provisions of the Act. "The Board of County Commissioners is the executive branch of the county, authorized to act in behalf of the county in its financial and contractual affairs. No other county officers may bind the county or make it liable to third parties."Bynum v. Western Surety Company of Sioux Falls, South Dakota,323 P.2d 972, 975 (Okla. 1958). Thus a county, acting by and through its board of county commissioners, may utilize its incidental powers to contract with an independent contractor to provide such services as mediators as are required by the Act, if the board chooses that alternative.
¶ 9 Whether a mediator who works in a dispute resolution program which was established by a county government under the provisions of the Act is an employee of the county is a question of fact based on the relationship between the parties, and cannot be answered as a matter of law in an Opinion of the Attorney General. 74 O.S. Supp. 1997, § 18b[74-18b](A)(5).
 IS A COUNTY SPONSORED MEDIATOR SUBJECT TO COUNTY SALARY SCHEDULES?
¶ 10 In light of the conclusion that the mediator of a dispute resolution program sponsored by a county may or may not be a county employee, dependent upon all the facts and circumstances, then that answer influences the answer to your question about whether that mediator is subject to the salary schedules and salary limitations set forth in Sections 180.62-180.68 of Title 19. Section 180.67 spells out the limits for salaries of county employees stating:
 It is hereby declared to be the intent of the Legislature that this act shall be the comprehensive salary code for all counties of the state and no county officer in paragraph 1 of Section 180.61 of this title, or their assistants, deputies, or other employees by whatever title designated, shall receive any salary or wages except as provided in this act.
19 O.S. Supp. 1997, § 180.67[19-180.67](A).
¶ 11 Section 180.61 of Title 19, referenced above, groups county officers into two classifications for purposes of fixing salaries:
 1. Enforcement officers or those charged with enforcing the laws relating to public peace and safety; the county sheriff, the county treasurer, the county clerk, the court clerk, the county assessor, and the members of the board of county commissioners; and
2. Other elective county officers.
19 O.S. Supp. 1997, § 180.61[19-180.61].
¶ 12 If a mediator were a county employee, he or she would be an employee of the county commissioner. There is no other elected county officer authorized to hire a person on behalf of the county to fulfill the county's role in a dispute resolution program. The county commissioners are in group one of the county officers outlined above in Section 180.61, and their employees are subject to the salary limitations found at 19 O.S. 1991 andSupp. 1997, §§ 180.62-180.68. If the mediator is an independent contractor in a contractual relationship with the county, those salary limitations do not apply, since the limitations only apply to county officers and their employees.
 PARTICIPATION IN COUNTY RETIREMENT PROGRAMS
¶ 13 Whether a mediator is authorized to be covered by a county's retirement system also turns on the employment relationship. One of two statutory provisions appears to be relevant, dependent upon the retirement system in which the sponsoring county chooses membership. A county employees' retirement system may be established under the provisions of 19O.S. 1991 and Supp. 1997, §§ 951-962, where eligibility for benefits is limited to county employees as defined in Section 957. Counties can alternatively choose to become members of the Oklahoma Public Employees Retirement System pursuant to 74 O.S.1991 and Supp. 1997, §§ 901-943. Once again, membership would be dependent upon a mediator's relationship with the county. 74O.S. Supp. 1997, § 902[74-902](14). Thus, whether a mediator for a county sponsored dispute resolution program is a county employee is controlling on the issue of retirement membership. A non-employee (independent contractor) of the county is not eligible for membership in either retirement system by the provisions of the respective statutes.
 APPLICABILITY OF THE GOVERNMENTAL TORT CLAIMS ACT
¶ 14 The application of the Governmental Tort Claims Act, 51O.S. 1991 and Supp. 1997, §§ 151-200, to a dispute resolution program sponsored by a county will be considered next. It is obvious from a plain reading of the statute that the Governmental Tort Claims Act is applicable to a county. 51 O.S. Supp. 1997, §152[51-152](8)(c).
¶ 15 The definition of "employee" under the Governmental Tort Claims Act clearly excludes independent contractors from its coverage. 51 O.S. Supp. 1997, § 152[51-152](5)(a)(1). Thus, independent contractor mediators are not covered. Whether the mediator is a county employee or an independent contractor, the Governmental Tort Claims Act is applicable to the county because it is a political subdivision of the State. 51 O.S. Supp. 1997, §152[51-152](8)(c).
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Whether a mediator who works for a dispute resolutionprogram established by a county government under the provisionsof the Dispute Resolution Act, 12 O.S. 1991 and Supp. 1997, §§1801-1813, is an employee or an independent contractor of thatsponsoring county is a question of fact and not subject to beingdecided as a matter of law in an Opinion of the AttorneyGeneral. 74 O.S. Supp. 1997, § 18b(A)(5).
 2. A mediator working as a county employee in a countysponsored dispute resolution program is governed by the salarylimitations for county employees, specifically 19 O.S. 1991 andSupp. 1997, §§ 180.62-180.68, and is eligible for membership inthe county retirement system under either 19 O.S. 1991 andSupp. 1997, §§ 951-962 or 74 O.S. 1991 and Supp. 1997, §§901-943.
 3. A mediator working for a county sponsored disputeresolution program as an independent contractor (1) is notgoverned by the salary limitations for county employees inSections 180.62-180.68 of Title 19; (2) is not eligible formembership in the county retirement system under either 19 O.S.1991, § 957[19-957] or 74 O.S. Supp. 1997, § 902(14); and (3) is notcovered by the Governmental Tort Claims Act pursuant to 51 O.S.Supp. 1997, § 152(5)(a)(1), since the mediator is not a countyemployee.
 4. The Governmental Tort Claims Act, 74 O.S. 1991 and Supp.1997, §§ 151-200, is applicable to a county for the actions ofa mediator whether the mediator is an employee of the county oran independent contractor pursuant to 51 O.S. Supp. 1997, §152(8)(c).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL